Gabrielli, J. (dissenting in part).
We agree with the majority to the extent only that the value of the premiums waived or contributed by the company ought not be taxed; and our sole basis for this view is that the statute (Tax Law, § 187, subd. 2) provides for a tax of one and three-quarters per centum “ on all gross direct premiums * * * received in cash or otherwise on risks resident in this state ’ ’. Obviqusly, the share of the ordinary premiums for the policies which has been waived by the company is not received by the company either in cash or otherwise; and, hence, may not be computed as a basis for the imposition of the franchise tax which is payable for the ‘ ‘ privilege of exercising corporate franchises or for carrying on business in a corporate or organized capacity within this state ” (Tax Law, § 187, subd. 2).
We do not, however, agree with the majority’s determination that the premiums paid in cash by the employees are not taxable under the operative section (Tax Law, § 187) which, as its sole purpose, levies a tax for the privilege of exercising its corporate capacity or of conducting an insurance business in this State. *355 They reason that the company is merely providing employee benefits, that no profit is enjoyed from the cash premiums received from the employees* and that the “plan” does not constitute doing business as a commercial insurer.
With this facet of the case, we cannot agree. Under the statute as written, the company is receiving cash premiums from its employees. This, of course, must be, as it is, conceded. The fact that the company is conducting an insurance business in this State is the only legal basis and reason why it may receive cash premiums from and issue policies to the employees in the same form and for the same purposes in delivering such policies to others. We may not, of course, be guided by or decide this case because of the premiums ratio. In this regard, we are required to approach the problem with the possible probabilities raised by the holding of the majority. The logical corollary would mandate a similar conclusion if employees would be permitted to purchase the insurance at even a 10% discount—or perhaps — even if the plan, based on similar inducements, provided for like benefits for members of the employees’ family.
The simple fact remains evident — that the employees pay cash premiums to the company for which, in return, they receive life insurance policies. This is doing insurance business, pure and simple.
Of critical significance, it has been stipulated (to which we are bound) that the plan does “ involve contractual obligations on the part of Mutual of New York of such a nature that they constitute an insurance contract ’ ’. There is no stipulation, concession or evidence that this is purely a retirement plan or benefit and, indeed, it cannot be so interpreted. And, of course, it should be unnecessary to repeat that without “ the privilege of exercising [its] corporate franchise [s] ” (Tax Law, § 187), for which the tax is levied, the company could not execute and deliver the insurance contract which it has stipulated to be the result of its bargain with its employees.
In sum we are dealing with an insurance company licensed to do business here and for which the statute (Tax Law, § 187) *356 requires the payment of a tax on all premiums received (as here), for that privilege. We are not dealing with retirement benefits or plans as were involved in California-Western States Life Ins. Co. v. State Bd. of Equalization (151 Cal. App. 2d 559) or State Tax Comm. v. John Hancock Mut. Life Ins. Co. (341 Mass. 555). However laudatory may be the basis for the company’s plan, we are called upon only to pass upon this case, presented as a narrow legal question of statutory interpretation, and, we believe, any other interpretatioii than that which we place on the facts herein, might well be interpreted as judicial legislation. Tlie State Tax Commission is merely executing the directive of the Legislature and any change should be effected by that body.
The order should be modified by entering judgment annulling so much of the determination of the State Tax Commission as impose^ a franchise tax on the employer’s share of the premiums, and as so modified, it should be affirmed.
Judges Burke, Jasen and Jones concur with Chief Judge Fuld; Judge Cabrielli dissents in part and votes to modify in a separate opinion in which Judges Breitel and Wachtler concur.
Order reversed, etc.

 It is to be noted that the tax in question is not an income tax or tax imposed on profits, but simply a tax for the privilege of doing business and based on premiums received (Matter of Guardian Life Ins. Co. v. Chapman, 302 N. Y. 226).